EULALIO ROSALY HOSTA ET UX., Plaintiffs and Appellees, v. MATILDE RÍOS OVALLE, Defendant and Appellant.

No. 8888. Argued May 5, 1944.—Decided July 3, 1944.

802

*Fernando Zapater Martínez* for appellant. *E. Huertas Zayas* and *M. Bahamonde Ricomar* for appellees.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

Eulalio Rosaly Hosta and his wife María Méndez brought an action of legal redemption of co-owners against Matilde Ríos Ovalle. The plaintiffs are owners of a condominium of one-fifth of a property measuring 378 acres (*cuerdas*) situated in the ward of Anón, Ponce, which they acquired jointly with Manuel Rosaly Hosta and his wife Agnes Tessonniere, Jorge Rosaly Hosta and his wife Emilia Méndez, María Rosaly Hosta and her husband Francisco Mattei Jr., and Eduardo Rosaly Hosta. By a public deed executed in Ponce on October 28, 1941, before Notary Fernando Zapater Martínez, the Marshal of the District Court of Ponce, in representation of the co-owner, Eduardo Rosaly Hosta, sold to the defendant Matilde Ríos Ovalle the one-fifth interest which said co-owner held in the above-mentioned property, for the sum of $500.

The plaintiffs are also co-owners of a property of 72 acres situated in the ward of Collores, Juana Díaz, the remaining co-owners being Angeles, Eduardo, and Manuel Rosaly Hosta. Besides, in this property co-plaintiff Eulalio Rosaly Hosta has a share of a separate character.

By the same deed of October 28, 1941, the Marshal of the District Court of Ponce in representation of the co-owner,

Angeles Rosály Hosta, also sold to defendant Matilde Ríos Ovalle the condominion amounting to $1,374.23, or 3/9 of the total value of $3,000 which said co-owner had in the aforesaid property of 72 acres, the sale being made for $500. The plaintiffs alleged that as co-owners of the above-mentioned properties they exercised their right of legal redemption and deposited in court the sum of $1,000 in United States currency, at the disposal of the defendant, binding themselves to pay the expenses incurred in the execution of the deed of legal redemption in favor of said plaintiffs, as well as any other legitimate expense which might be incurred, subrogating themselves in the place of the purchaser, under the same conditions stipulated in the contract of sale.

Upon her demurrer being overruled, the defendant answered accepting each and every one of the facts alleged in the complaint, but stated that to the price of $500 for which each of the condominia had been awarded to her by the marshal, there should be added the proportionate part of any mortgage, lien, or encumbrance which might affect said properties and denied that the amount of $1,000 deposited by the plaintiffs in court was the just, reasonable, and fair value of the condominia sought to be redeemed.

As special defenses, she further alleged:

(a) That the complaint does not state sufficient facts to constitute a cause of action;

(b) The plaintiffs' right of redemption has prescribed inasmuch as the condominia sought to be redeemed were sold to the defendant by the Marshal of the District Court of Ponce on September 30, 1941, of which date and sale the plaintiffs had knowledge, exercising the right of redemption on November 6, 1941;

(c) That in the awards made for $500 each, referred to in paragraphs 3 and 5 of the complaint, no money had been paid inasmuch as they were made in favor of Matilde Ríos Ovalle in satisfaction of a judgment rendered by the Dis-

trict Court of Ponce for $2,600 in civil case No. 11,471, an action for maintenance and support, brought by Matilde Ríos Ovalle against Manuel, María, Eulalio, Eduardo and Jorge Rosaly Hosta; María Hosta widow of Rosaly for herself and as mother with *patria potestas* over the minors Miguel Angel, and Angeles Rosaly Hosta; Valois Pagán, and Crédito y Ahorro Ponceño;

(*d*) That Matilde Ríos Ovalle is not a third person or a stranger in relation to the co-ownership, inasmuch as her allowance for support was expressly recognized as one of the obligations of the estate of the defendants (civil case No. 11,471 above mentioned) and of which the redemptioners formed part.

After a hearing, the lower court rendered judgment on August 17, 1943, sustaining the complaint and ordering the defendant to execute a deed of sale in favor of the plaintiffs of the condominia mentioned in the complaint, and adjudging her to pay the costs and attorney's fees.

From that judgment the defendant has taken the present appeal on the ground that the lower court erred:

1-4. In refusing to permit the marshal to testify whether he had seen the redemptioner Eulalio Rosaly on the day of the public sale, and as to whether Rosaly knew that the public sale had been carried out, it being held by the court that the defendant did not offer any evidence to show that the plaintiff had knowledge of the sale prior to the date alleged in the complaint.

5. In failing to declare that the action of legal redemption had prescribed because it had been exercised after more than 9 days had elapsed since the public sale and the redemptioner had knowledge thereof.

6. In overruling the demurrer of the defendant.

7. In deciding that the defendant did not offer any evidence tending to show that the plaintiff had knowledge of the sale prior to the date alleged in the complaint.

8. Manifest error in weighing the evidence.

 We deem it advisable to begin with the fifth assignment of error which alleges the prescription of the action on the ground that it was exercised after more than 30 days had elapsed since the public sale of the condominia involved in this action.

The Civil Code prescribes in its §1414 (1930 ed.) that "the right of legal redemption can not be exercised except within nine days, counted from the entry in the registry, and in the absence thereof from the time the redeemer may have had knowledge of the sale." The action of redemption should be brought, therefore, within the term of 9 days which shall begin to run from the happening of either of two contingencies. The first one constitutes the general rule; the second is subsidiary and lies only in default of the first, that is, when no recordation has been made.

In the first instance it should begin to run from the day of the entry in the registry, but since said recordation does not always exist, inasmuch as according to the Mortgage Law the same is voluntary, another date must necessarily be fixed from which the limitation period may be computed in order to prevent the purchaser from defeating the action of redemption by failing to record his title in the registry.

In the case at bar, although the condominia involved were recorded in the name of the vendors who were represented by the marshal in the public sale, yet, when the redemptioners brought their action, the purchaser had not yet recorded her title in the registry. Therefore, it is clear that the case falls within the second subdivision of said Section of the Civil Code. The plaintiffs having fixed the date of the execution of the deed of sale in favor of the defendant as the time when prescription begins to run, and this fact being contradicted in the answer, since the purchaser alleged, on the contrary, that the redemptioners learned of the sale on the same day that said condominia had been publicly sold,

we must decide on which of these two dates prescription began to run in order to determine whether or not the action was barred.

If we take the date of the public sale, we find, in the first place, that the award made in the public sale is not the consummation of the contract of sale, but merely the perfection of the contract. An offer is made and it is accepted, but the sale is not consummated until the thing is delivered, and where real property is involved the execution of the deed of conveyance constitutes the delivery. Section 1351 of the Civil Code, (1930 ed.). On this same question Scaevola has expressed himself thus (*Comentarios al Código Civil*, vol. XXIII, 1906 ed., p. 910):

"Where no recording in the registry is made, the period for redemption must be computed from the time the redemptioner may have had knowledge of the *consummation* of the sale, since a mere perfecting of the contract only entitles the contracting parties to demand performance thereof. It was so declared in the Judgment of October 10, 1901, wherein it was further stated that a judicial admission by the redemptioner that he knew that a certain property was to be sold and that he had failed to purchase it because the price seemed excessive, or for lack of funds, did not imply knowledge of the perfection of the sale, nor the fact that the redemptioner had shown to the purchaser some of the land-marks of the property implied that the former had notice of the consummation of the sale, which must be inferred from the execution of the deed of sale, the time for redemption being computed from the date of such execution."

Since the execution of the deed is equivalent to the consummation of the contract of sale, the defendant could not have recorded any title in her favor prior to that date, and therefore, although the redeemers had knowledge of the public sale they could not require the purchaser to convey something which had not yet been delivered. Furthermore, we have already said that this is a case of real property recorded in the registry and it is only logical to suppose that the plaintiffs should expect the defendant to record her

title; but what title could she record before the execution of the deed of sale? The auction certificate? This is not a recordable instrument according to the provisions of §3 of the Mortgage Law. The defendant could not, therefore, record any title before the execution of the public instrument and the plaintiffs could not exercise any action of redemption prior to that date. It is from the date of the execution that the term for this action begins to run, inasmuch as if the purchaser fails to record his title within 9 days after such date, it should be supposed that he will not do so and then the action of redemption may be exercised within the statutory term in order to prevent redemptioner's action from being defeated. However, since the knowledge of the date of execution of the deed of sale would be a subjective question, the redemptioner may allege that he had no knowledge of said execution until a subsequent date, an assertion which is subject to be challenged by the purchaser.

Commenting on the second subdivision of §1524 of the Spanish Civil Code, equivalent to §1414 of our Code (1930 ed.), Manresa states, when dealing with this question, the following:

"Now, is the plaintiff bound to prove any allegation in the complaint to the effect that he had no notice of the fact of the sale until a particular date? The judgment of May 21, 1902, gives a lucid answer to this question. It says that, in view of the terms of Sec. 1542 of the Code, it is manifest that, where the period for the exercise of the right of redemption must be computed from the time the redemptioner may have had knowledge of the sale, the latter not having been recorded in the registry, the courts may consider as evidence of said knowledge, any public acts of the redemptioner tending to show such notice, in the absence of any element of proof which might contradict the validity or significance of said act, without the necessity of requiring direct evidence on the fact of said knowledge; for such proof would be impossible, since a mere subjective situation is involved which must remain concealed until revealed by positive acts, and there is no rebuttable presumption whatever from which such knowledge must be inferred; for which reason it is incumbent

on the defendant, and not on the plaintiff, to prove that the time of the notice is other than, and previous to, the one alleged in support of the cause of action." (Manresa, *Comentarios al Código Civil*, vol. X (1931 ed.), p. 339.) (On the same question, see Scaevola, *Comentarios al Código Civil*, vol. XXIII (1906 ed.), pp. 908 *in fine* and 909.)

It is obvious, therefore, that in the case at bar, the plaintiffs instituted their action within the statutory term. Before the execution of the deed they had no basis on which to proceed, and they filed their complaint within the 9 days fixed by law. This is shown by a simple arithmetical calculation: The deed of sale was executed on October 28, 1941, and on November 6 of that same year the redemptioners filed their complaint, that is, on the same day that the term expired.

For the foregoing reasons we hold that the action of the redemptioners was not barred, and consequently the fifth error assigned is nonexistent.

As to the first four assignments of errors, and similarly as to the seventh, we find it unnecessary to enter into a discussion of the same. The questions raised therein may be reduced to the contention that the court erred in refusing to permit the defendant to offer evidence tending to show that the plaintiff had knowledge of the sale prior to the date alleged in the complaint and in deciding, subsequently, that the defendant had not offered any evidence to prove that point. The question is academic, since even if said errors were committed, they would not be sufficient to reverse the judgment appealed from, inasmuch as in our decision of the fifth error we have reached the conclusion that the time for bringing the action of redemption in this case must be computed from the date of the execution of the deed and not from that of the public sale.

The sixth assignment of error is to the effect that the lower court erred in overruling defendant's demurrer for lack of facts sufficient to constitute a cause of action.

In support of this assignment the appellant urges that plaintiffs failed to allege in their complaint that Matilde Ríos Ovalle, defendant-appellant, was a stranger to the community of property.

The appellees admitted that they failed to allege in their complaint that the defendant was such a stranger, but they maintained that this omission was cured in the second and fourth paragraphs of the complaint by stating therein who were the other co-owners to whom each one of the properties sought to be redeemed belonged.

Indeed, there appeared from the face of the complaint the names of the co-owners to whom the properties involved in this action belonged, before being acquired by the defendant. From the facts stated therein it does not appear that the defendant-appellant was a co-owner of any of said properties. From the very face of the complaint, therefore, there arises the rebuttable presumption that the defendant was not a co-owner of said properties and consequently that she was a stranger to the community.

The error assigned has not been committed. The defendant herself, upon interposing her demurrer, accepted the enumeration of the co-owners set forth in the complaint, inasmuch as a demurrer to a complaint admits the facts alleged therein. (*Droz* v. *Caballer*, (1941) 58 P.R.R. 229.) Subsequently, in her answer, defendant admitted as true the facts alleged in the complaint. The court, therefore, committed no error in refusing to dismiss the complaint for insufficiency. The complaint established the presumption that the defendant was a stranger to the community and, hence, it was incumbent on her to destroy that presumption.

In her eighth assignment of error appellant urges that the lower court committed manifest error in the weighing of the evidence.

Under this assignment several questions are raised in a confused manner.

(*a*) In the first place, appellant maintains that she is not a stranger in so far as the redemption is concerned. This allegation is based on the fact that judgment having been rendered in her favor in the action for maintenance and support, brought against the heirs of Eulalio Rosaly Vázquez, among them Eulalio Rosaly Hosta, she could not be considered a third person, inasmuch as this court stated in *Ríos* v. *Rosaly,* 50 P.R.R. 652, that all heirs are bound to pay the debts of the estate even though a certain property has to be encumbered for said purpose, and further that the heirs and privies of a person may not be considered third persons with respect to obligations undertaken by their testator.

Is the defendant a stranger for the purpose of the redemption? We think so. The meaning of stranger used in the Civil Code refers to all persons who are not joint owners or co-owners of a common thing. *Enciclopedia Jurídica Española* (Vol. 27, pp. 523–524), in its article on *"Retracto de Comuneros,"* upon enumerating the requirements to exercise the right of redemption states:

"(*c*) That the alienation should be made in favor of a stranger, not a co-owner, for if it is made in favor of a co-owner, any redemption granted by reason of such transfer would be purposeless."

Was the appellant a co-owner of the properties involved in this action? No. Appellant was a mere creditor of the heirs of Eulalio Rosaly Vázquez and not a co-owner of the properties. It was so admitted by appellant herself in her answer by accepting the facts alleged in paragraphs 2 and 4 of the complaint.

The ruling of this court in the sense that "the heirs and successors of a decedent are not and may not be deemed third parties (*terceros*) with respect to obligations undertaken by the decedent" is not applicable to cases of redemption wherein the only requirement is that the purchaser shall not be a co-owner. Moreover, according to Manresa:

812

"The first purchaser and the redemptioner are not, with respect to each other, third parties under the Mortgage Law. (Citing authorities.)" (Op. cit., vol X, p. 320.)

There is no ground at all to support appellant's contention that she was not a stranger to the community. She is such a stranger and the action of redemption lies against her.

■■■ (b) In the second place, appellant maintains that the redemptioner Eulalio Rosaly Hosta is barred from bringing the action of redemption against her because, as he is an heir of Eulalio Rosaly Vázquez, he is bound *in solidum* to pay the judgment rendered in favor of appellant in the case above referred to. Also, that a condominium of said redemptioner was sold at public auction and awarded to the appellant, for which reason the redemptioner Eulalio Rosaly Hosta occupies the dual position of vendor and redemptioner, which is not legally possible.

The lower court found that the two properties which contained the condominia sought to be redeemed by the plaintiffs belonged to Eulalio Rosaly Vázquez, by reason of whose death arose the right to an allowance for support which was claimed by defendant, as plaintiff in civil case No. 11,471, in which action she was awarded, on account of the debt, the condominia held by the co-owners Eduardo and Angeles Rosaly Hosta in said properties.

"Plaintiffs herein, Eulalio Rosaly Hosta and María Méndez, husband and wife, acquired their condominia in the aforesaid properties by purchase for their conjugal partnership, and similarly as to the co-defendants in said case Manuel Rosaly Hosta and his wife Agnes Tessoniere, Jorge Rosaly Hosta and his wife Emilia Méndez and María Rosaly Hosta and her husband Francisco Mattei, Jr." The lower court further stated:

"It seems that the defendant mistakes the capacity of Eulalio Rosaly Hosta as plaintiff in this action for the capacity of Eulalio

Rosaly Hosta as defendant in civil case No. 11,471; in case No. 11,471 he appeared in the action as heir of Eulalio Rosaly Vázquez and in the present case he prosecutes an action as member of the conjugal partnership."

And this is so, indeed. In the case at bar the right of redemption is exercised by the conjugal partnership consisting of the spouses Eulalio Rosaly Hosta and María Méndez. Said partnership was co-owner of the properties involved in the action; its condominia were not sold in execution of the judgment rendered against the heirs of Eulalio Rosaly Vázquez, and since said partnership was not a party defendant in that suit, it may now bring the action of redemption.

Now, may the redemptioner Eulalio Rosaly Hosta, in his capacity as a member of the conjugal partnership composed by him and his wife, seek the redemption of those condominia which, in his individual capacity as an heir, he allowed to be executed for the recovery of a debt which he owed *in solidum?*

Section 1310 of the Civil Code (1930 ed.) provides that—

"The payment of debts contracted by the husband or by the wife, before marriage, shall not be borne by the partnership."

It further provides that—

"However, the payment of debts contracted by the husband or by the wife, prior to the marriage, and that of fines and condemnations imposed on either of them, may be claimed against the partnership property, after covering the expenses, mentioned in Section 1308, if the debtor spouse should have no private capital, or were it insufficient; but at the time of the liquidation of the partnership the payments, made for the specified causes, shall be charged to said spouse."

Commenting on this Section, which is equivalent to §1410 of the Spanish Civil Code and referring to the last paragraph thereof, Manresa states. (*Op. cit.,* vol. IX, 1904 ed., p. 633):

"The debts and obligations contracted prior to the marriage, and the fines and pecuniary penalties imposed during the same, shall be charged to the debtor or responsible spouse. Payment must be made out of the separate property of such spouse."

Therefore, since the conjugal partnership which exercises the right of redemption in this case is not responsible for the separate debts of the husband, it may redeem the condominia sold to a stranger.

The appellant is wrong as to this point raised in her brief.

"Ganancial property cannot be attached for the personal debts of either of the spouses contracted prior to the marriage." *Hernández* v. *The Registrar*, 19 P. R. R. 260.

This doctrine was confirmed in *Hernández* v. *The Registrar of Mayagüez*, 22 P.R.R. 599, and *Flores* v. *Silva*, 60 P. R. R. 363.

The judgment rendered against the husband as heir of Eulalio Rosaly Vázquez did not bind the conjugal partnership. The latter is an entity entirely different from the members composing it. *Ex parte García*, 54 P.R.R. 478.

The conjugal partnership herein acquired certain condominia belonging to some of the heirs of Eulalio Rosaly Vázquez, thus becoming a co-owner of the property sued on, and upon some of said condominia being sold in satisfaction of a judgment to a third person, said conjugal partnership was fully entitled to exercise the right of redemption.

The error assigned in this connection was not committed either.

(c) In the third place, appellant maintains that redemption does not lie in this case, inasmuch as the redemptioners were not subrogated, under the same conditions set forth in the contract of sale, in the place of the appellant.

Section 1411 of the Civil Code (1930 ed.) defines legal redemption as "the right to be subrogated, with the same

conditions stipulated in the contract, in the place of the person who acquires a thing by purchase or in payment of a debt."

Appellant alleges that according to the certificate of the public sale, Matilde Ríos Ovalle did not pay any money, but merely offered $1,000 for the condominia, on account of the judgment, which for the most part is still unsatisfied. She maintains that the subrogation would be a tremendous injustice to her, and that the redemptioner could never be subrogated to her right, inasmuch as the redemptioner simply paid $1,000 on account and, under these circumstances subrogation does not lie.

· The appellant is wrong. More than $1,000 were owed to her by virtue of a judgment and for its effectiveness she attached certain properties belonging to the judgment debtors, and in the public sale thereof she offered $1,000 for them. The properties were awarded to her for the amount offered and she now demands that, in the action of redemption brought by a co-owner—the conjugal partnership composed of Eulalio Rosaly Hosta and his wife María Méndez—which was not a defendant in the former suit, said co-owner should answer for the whole amount of the judgment.

The appellant may not assert such a claim. She offered the sum of $1,000 for the condominia at the public auction, and they were awarded to her for that amount. She is only entitled to receive said sum from the redemptioners.

The judgment appealed from should be affirmed.